UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALYSA N LAWRENCE** | : | **CASE NO. 2:24-CV-00371** |
| **VERSUS** | : | **JUDGE DAVID C JOSEPH** |
| **CHENNAULT RENTALS INC.** | : | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATIONS

Before the court is *Chennault Rentals, Inc.'s Rule 12(b)(1) and 12(b)(6) Motion to Dismiss*. Doc. 9. Plaintiff opposes the motion [doc. 13], and Defendant has replied [doc. 14], making the motion ripe for resolution. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

After careful consideration of this motion, the evidence submitted, and the applicable law, for the reasons that follow, **IT IS RECOMMENDED** that the motion be **DENIED.**

I.
BACKGROUND

Johnny M. Lawrence died on September 29, 2023. Doc. 1, p. 2, ¶ 4. In the year before his death, he was employed briefly by defendant Chennault Rentals, Inc. ("Chennault") from September 16, 2022, to January 4, 2023. Doc. 1, pp. 5-6. During that period, he began treatment for tuberculosis, necessitating a period of hospitalization, at-home quarantine, and distancing measures on his return to work. Doc. 1, pp. 5-6. The complaint alleges that Rachel Leonards,

Vice President of Chennault, terminated his employment on January 4, 2023, because accommodating his illness was "too much hassle." Doc. 1, p. 6.

He filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (the "EEOC") on or about January 31, 2023 [doc. 1, p. 2, ¶ 3], and the EEOC issued a Determination and Notice of Rights on December 14, 2023, beginning a 90-day delay to file the instant lawsuit. Doc. 1, p. 2, ¶ 5 (determination notice attached as doc. 1, att. 1). His attorneys did not become aware of his death until March 11, 2024, two days before the expiration of the 90-day delay. Doc. 1, p. 2, ¶ 4.

Mr. Lawrence's daughter, plaintiff Alysa N. Lawrence, quickly began proceedings in state court to allow herself to proceed with a claim on his estate's behalf. Doc. 1, p. 2; doc. 9, att. 1–4. The Complaint alleges that "[a]n intestate succession has since been opened, and Ms. Alysa N. Lawrence, Mr. Lawrence's biological daughter, currently serves as a court-appointed Special Administrator for purposes of commencing this lawsuit on behalf of Mr. Lawrence's estate." Doc. 1, p. 2. The lawsuit alleges that Chennault violated the Americans with Disabilities Act ("ADA") and seeks damages for Disparate Treatment/Discriminatory Discharge, Retaliation, and Failure to Accommodate. Doc. 1.

## II.
### THE PARTIES' ARGUMENTS

**A. Chennault's 12(b)(1) motion to dismiss**

Chennault seeks dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Court lacks subject matter jurisdiction over this case because Plaintiff did not take the proper steps to have herself appointed provisional administrator before filing suit. Doc. 9.

Rule 12(b)(1) provides for dismissal of a claim for lack of subject matter jurisdiction. Chennault argues that plaintiff lacks standing[1] to proceed on the estate's behalf because of key flaws in the process by which Ms. Lawrence sought to be appointed as the estate's representative, and that this Court therefore lacks subject matter jurisdiction. Doc. 9, p. 2.

Chennault points to several flaws affecting Ms. Lawrence's capacity to proceed as representative of her father's estate. Chennault argues that Louisiana Code of Civil Procedure article 3111 allows a Louisiana court to appoint a "provisional administrator" to preserve succession property, but Ms. Lawrence instead had herself appointed "special administrator," a role not recognized in Louisiana law. Chennault argues that the succession petition[2] specifically admits that Plaintiff filed it even though none of the remaining heirs were contacted and that all necessary attachments were not filed in advance. Chennault argues that neither the Complaint nor the public record indicate that Ms. Lawrence furnished any security or took the necessary oath of office required for provisional administrators by Louisiana Code of Civil Procedure article 3112. Chennault concludes that Ms. Lawrence was not properly appointed as succession representative or provisional administrator before filing suit, and "Plaintiff, therefore, does not have standing to bring this lawsuit on behalf of the Estate." Doc. 9, att. 5, pp. 8-13.

A court should address a jurisdictional challenge presented by a Rule 12 motion before addressing any accompanying requests for relief. *Crenshaw-Logal v. City of Abilene, Tex.*, 436 F.

---

[1] Defendant clarifies in reply that the challenge is to Article III standing: "Chennault argues that Plaintiff was not actually the administrator of the deceased's estate when this lawsuit was initiated, thus Plaintiff lacked standing." Doc. 14, p. 2.

[2] The Defendant attaches the following documents to the Motion to Dismiss, of which the Court takes judicial notice as public records: Petition to Open Intestate Succession and associated Order opening the Intestate Succession of Johnny M. Lawrence (3/12/24); A Motion to Designate Special Administrator for Purposes of Commencing Employment Lawsuit and associated Order granting that motion and appointing Alysa N. Lawrence as Special Administrator of the Estate of Johnny M. Lawrence, Jr. for the purposes of initiating an employment lawsuit on behalf of his estate (3/12/24). Doc. 9, atts. 2-4.

App'x 306, 308 (5th Cir. 2011).  The burden on such a motion lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.*  On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, the court accepts all well-pleaded allegations in the complaint as true and construes those allegations in the light most favorable to the plaintiff. *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981).  Because Chennault has submitted evidence outside the pleadings that contradicts the jurisdictional allegations in the complaint, this matter involves a "factual" attack, and the court will consider that evidence while resolving any disputed issues of fact. *Id.*

Here, there is no allegation that Mr. Lawrence's estate lacks standing to pursue this litigation.  The allegation is that his daughter, Ms. Lawrence, was not properly designated as the estate's representative when she filed suit.  Whether Ms. Lawrence was properly installed as representative of her father's estate is a curable question of capacity, not a jurisdictional question or a question of standing.  *See Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017)*; Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 160 (5th Cir. 2016).

In *Rangel v. Wellpath*, the district court considered a Rule 12(b)(1) motion to dismiss an ADA claim on the grounds that plaintiff, as a convicted felon, lacked capacity to sue on behalf of her deceased son's estate because of Texas law prohibiting a convicted felon from serving as an

-4-

estate executor or administrator. *Rangel v. Wellpath, LLC*, No. 5:23-CV-128-H, 2024 WL 4773311, at *4 (N.D. Tex. Nov. 13, 2024). The court denied the motion, allowing 21 days for the substitution of a duly appointed administrator of decedent's estate, even though the claims would be time-barred by the time of the substitution. *Id.* at *5. The court reasoned, in part, "[c]ourts have recognized that, where the individual bringing suit on behalf of the estate is not the estate's representative, the question is one of capacity; the estate plainly has standing." *Id.* (alteration original)(quoting *Martone v. Livingston*, No. 4:13-CV-3369, 2015 WL 9259089, at *2 (S.D. Tex. Dec. 18, 2015) (collecting cases)).

The language of Article 3111 of the Louisiana Code of Civil Procedure supports the conclusion that the deficiencies of which Chennault complains should be considered curable matters of capacity. Under Article 3111, a Louisiana state court may

> appoint a provisional administrator of a succession, pending the appointment of an administrator or the confirmation of an executor, when it deems such appointment necessary to preserve, safeguard, and operate the property of the succession. On the application of an interested party, or on its own motion, when such an appointment is deemed necessary, the court may appoint a qualified person as provisional administrator forthwith.

La. Code Civ. P. art. 3111. The statute's purpose is to allow for the speedy appointment of an individual to preserve succession assets, until such time as the formalities necessary for appointment of an administrator or executor can be completed. It would run contrary to Article 3111's purpose to hold such an appointment of no effect because of curable technical flaws. The Official Revision Comments support this reasoning, noting that

> When the appointment of a provisional administrator is necessary, there will be no time available for the giving of notice to the heirs, creditors, and other interested parties, or to permit them to oppose the appointment of the particular person whom the court selects. The court must be empowered to act immediately, on the application of any interested person, and even on its own motion.

La. Code Civ. P. art. 3111 cmt.(b)(1960).

It appears that Article 3111 served its intended purpose here, allowing the state court to appoint "forthwith" a temporary administrator to preserve an estate asset when time was running short to do so. Therefore, we see no need to "inquire into the validity of the Louisiana probate court's action in authorizing the administrators pro tempore to act as provisional representatives" to preserve estate assets by bringing in the estate's name a cause of action that would soon be time barred. *Bush v. Maryland Cas. Co.*, 320 F.2d 939, 940 (5th Cir. 1963).

Accordingly, it is recommended that the Rule 12(b)(1) motion to dismiss be denied.

**B. Chennault's 12(b)(6) motion to dismiss**

Chennault also seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis that Chennault does not meet the statutory definition of "employer" under the ADA because it does not employ at least 15 employees. Doc. 9, att. 5, p. 15. For the reasons that follow, it is recommended that this inquiry is better suited to resolution on summary judgment than motion to dismiss.

The ADA only applies to an employer if it is "engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. . ." 42 U.S.C. §12111(5). The requirement that defendant have 15 employees—the so-called "numerosity" requirement—is a substantive element of Plaintiff's case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504 (2006).[3]

Under certain circumstances, a plaintiff may be able to satisfy the numerosity requirement by showing that the employees of one or more entities should be aggregated because of the relationship among those entities. The plaintiff may do this in one of two ways: showing that the

---

[3] The *Arbaugh* case was brought under Title VII of the Civil Rights Act of 1964, not the ADA. "While the Fifth Circuit has not applied *Arbaugh* directly to the ADA, it has acknowledged *Arbaugh's* broader application to both the ADA and FMLA." *Coder v. Medicus Lab'ys, LLC*, No. 4:14-CV-7, 2014 WL 2984052, at *2 (E.D. Tex. July 2, 2014) (citing *Minard v. ITC Deltacom Communs., Inc.*, 447 F.3d 352, 357 n.29 (5th Cir.2006)).

employer is part of a single integrated enterprise with more than 15 employees, or showing that the employee is jointly employed by more than one employer.

> A single employer situation exists where two nominally separate entities are actually part of a single integrated enterprise (*e.g.*, parent and wholly-owned subsidiary corporations, or separate corporations under common ownership and management), whereas in a joint employer relationship, separate legal entities handle certain aspects of an employer-employee relationship jointly.

*Perry v. Pediatric Inpatient Critical Care Servs., P.A.*, 611 F. Supp. 3d 363, 375 (W.D. Tex. 2020), *aff'd*, 990 F.3d 918 (5th Cir. 2021)(discussing the use of aggregation to meet the numerosity requirement in a Title VII case).

Here, Plaintiff alleges that Chennault is part of a network of businesses in the Lake Charles area, owned and operated by a single family, which together function as a single integrated enterprise despite being nominally separate companies. Doc. 1, p. 3. Chennault responds that Chennault employs fewer than 15 people and that Plaintiff's allegations as to the family businesses are inaccurate and conclusory. Doc. 9, att. 5, pp. 15-17. Courts have developed factors to consider in determining whether aggregation is appropriate, drawn from *Trevino v. Celanese Corp.*: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983); *Antoine v. Cajun Area Agency on Aging Inc.*, No. 6:21-CV-02865, 2023 WL 5029232, at *3 (W.D. La. Aug. 7, 2023).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these

material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted).

In unreported cases, courts in this Circuit have dismissed complaints at the pleadings stage where plaintiff is unable to make a plausible allegation satisfying the numerosity requirement. For example, in *French v. Ulayyet*, a magistrate judge recommended dismissal of an ADA claim on a Rule 12(b)(6) motion in which the employer alleged he employed fewer than 15 employees and EEOC documentation attached to the complaint supported that assertion. No. 3:10-cv-2359-L-BK, 2011 WL 13394695, at *1 (N.D. Tex. Apr. 14, 2011) *report and recommendations adopted,* 3:10-cv-2359-L-BK, doc. 22 (N.D. Tex. 4/29/11). Similarly, in *Calandra v. Olenius*, after allowing a *pro se* plaintiff the opportunity to amend to address the numerosity issue, the court dismissed an ADA claim because photographs of purported employees submitted with the amended complaint were insufficient to establish that those employees were employed for the number of weeks required to qualify defendant as an ADA "employer." No. 4:17-CV-00383, 2017 WL 2807319, at *2 (S.D. Tex. June 29, 2017).

In cases cited by Chennault, courts addressed the numerosity issue at the summary judgment stage, rather than at the pleadings stage. For example, in *Davenport v. HansaWorld USA, Inc.*, the court granted summary judgment on the numerosity issue after noting that defendant cannot wait until the close of evidence to challenge this element of plaintiff's claim, but also that the court should not dismiss the case on a pleading defect without allowing amendment. 23 F. Supp. 3d 679, 685 (S.D. Miss. 2014). Similarly, in *Antoine v. Cajun Area Agency on Aging Inc.*, the court granted summary judgment because plaintiff produced no evidence to refute the employer's affidavit that it employed only 6-8 employees and there was no evidence as to the aggregation factors. No. 6:21-CV-02865, 2023 WL 5029232, at *3 (W.D. La. Aug. 7, 2023); *see*

*also Perry v. Pediatric Inpatient Critical Care Servs., P.A.*, 611 F. Supp. 3d 363, 392 (W.D. Tex. 2020), *aff'd*, 990 F.3d 918 (5th Cir. 2021) (granting summary judgment on numerosity issue in Title VII case after detailed scrutiny of facts relevant to plaintiff's aggregation theory).

At least one court in this Circuit has found dismissal at the pleadings stage inappropriate where the plaintiff makes a plausible allegation that the numerosity requirement can be met under an aggregation theory. In *Nelson v. Sherron Assocs., Inc.,* a Title VII case, the court reasoned that numerosity and the existence of an employer-employee relationship are both fact-intensive inquiries inappropriate for resolution before an opportunity for discovery, found plaintiff's allegations of integrated enterprise plausible, and directed plaintiff to add as a defendant the other entity in the alleged "integrated enterprise." No. 3:14-CV-3781-B, 2015 WL 3504924, at *5 (N.D. Tex. June 3, 2015)(unreported).

Here, plaintiff plausibly alleges that the "single integrated enterprise" aggregation theory may apply because defendant Chennault operates as part of a family-owned network of businesses with more than 15 employees, characterized by overlap of operations, ownership, management, shared employees, services, records and equipment, and co-mingled financial accounts, inventories, and credit lines. Doc. 1, pp. 3-4. Taking these allegations as true, as the court must for the purposes of this Rule 12(b)(6) motion, dismissal is inappropriate without affording plaintiff reasonable opportunity to discover and present evidence in support of that allegation.

### III.
#### CONCLUSION

For the reasons stated, it is **RECOMMENDED** that *Chennault Rentals, Inc.'s Rule 12(b)(1) and 12(b)(6) Motion to Dismiss* [doc. 9] be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file

written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      **SO ORDERED** at Lake Charles, Louisiana, this 14th day of March, 2025.

                                                 _____
                                                 **THOMAS P. LEBLANC**
                                     **UNITED STATES MAGISTRATE JUDGE**